UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OLUSEYI ADENIJI,

               Plaintiff,

        -against-

U.S. DEPARTMENT OF COMMERCE/CENSUS
BUREAU-NY REGIONAL OFFICE/HANNAH
ZIMMERMAN,

               Defendants.

1:19-CV-8796 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964 ("Title VII") and the New York State and City Human Rights Laws ("NYSHRL" & "NYCHRL"). He asserts that his employer, the United States Census Bureau, and his immediate supervisor, Hannah Zimmerman, have discriminated against him because of his race and have retaliated against him. He seeks damages. By order dated December 16, 2019, the Court granted Plaintiff's request to proceed *in forma pauperis*. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The United States Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 678-79. This plausibility standard applies to all civil actions, including discrimination actions. *See id.* at 684; *Littlejohn v. City of New York*, 795 F.3d 297, 310-12 (2d Cir. 2015).

## BACKGROUND

Plaintiff makes the following allegations: On April 26, 2019, Plaintiff's immediate supervisor, Hannan Zimmerman, attempted to provoke him. She called him a "deplorable clerk." (ECF 2, at 5.) Plaintiff believes that Zimmerman's actions are "retaliatory for not being promoted to five interviews within the Census Bureau-Survey Statistician, Reginal Survey

Technician (2) Regional Supervisory Manager (2)." (*Id.*) The defendants failed to promote him, harassed him, and retaliated against him.

## DISCUSSION

### A.  Claims under the NYSHRL and the NYCHRL, and claims under Title VII against Zimmerman

Plaintiff's claims against under the NYSHRL and the NYCHRL must be dismissed. Plaintiff cannot assert claims of race discrimination or retaliation under the NYSHRL or NYCHRL that arise from his federal employment because Title VII is the exclusive remedy by which federal employees can pursue those types of claims. *See Brown v. GSA*, 425 U.S. 820, 828-29 (1976); *Garvin v. Potter*, 367 F. Supp. 2d 548, 559-60 (S.D.N.Y. 2005) (dismissing former federal employee's NYSHRL and NYCHRL employment discrimination and retaliation claims because Title VII is the exclusive remedy to bring those types of claims). In addition, Plaintiff cannot assert Title VII claims against Zimmerman because Title VII does not provide for individual liability. *See Lore v. City of Syracuse*, 670 F.3d 127, 169 (2d Cir. 2012). Accordingly, the Court dismisses Plaintiff's NYSHRL and NYCHRL claims, as well as his Title VII claims against Zimmerman, for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### B.  Pleading standard for Title VII claims

#### 1.  Employment discrimination claim

To state an employment discrimination claim under Title VII, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87 (citations omitted).

Plaintiff asserts that the Census Bureau discriminated against him because of his race. But he does not allege sufficient facts to suggest that the Census Bureau took any adverse employment action against him based on his race. Accordingly, Plaintiff's complaint fails to state a claim of employment discrimination under Title VII.

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint in which he alleges sufficient facts to state such a claim.

**2.    Retaliation claim**

To state a retaliation claim under Title VII, a plaintiff must allege facts that suggest that "(1) [the] defendant[] discriminated – or took an adverse employment action – against him, (2) because he has opposed any unlawful employment practice." *Id.* at 90 (internal quotation marks and citation omitted). To satisfy the second pleading requirement, a plaintiff must allege facts suggesting that "the adverse action would not have occurred in the absence of the retaliatory motive." *Id.* at 91 (internal quotation marks and citation omitted). This "may be shown by direct evidence of retaliatory animus or inferred through temporal proximity to the protected activity." *Duplan v. City of New York*, 888 F.3d 612, 625 (2d Cir. 2018) (Title VII context).

Plaintiff asserts that the Census Bureau retaliated against him. But he has alleged insufficient facts to suggest that he suffered an adverse employment action as a direct result of his opposition to unlawful employment practices.

He must therefore include in his amended complaint any such facts.

**LEAVE TO AMEND**

The Court grants Plaintiff leave to amend his complaint to detail his claims. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts

supporting each claim against the defendant.[1] The Court also directs Plaintiff to provide the address for the named defendant. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case, including what the defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how the defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: *who* has violated his federally protected rights; *what* facts suggest that his federally protected rights have been violated; *when* such violations have occurred; *where* such violations have occurred; and *why* Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint. Plaintiff must not reassert in his amended complaint claims that the Court has dismissed in this order.

## CONCLUSION

The Court directs the Clerk of Court to note service on the docket. Plaintiff has consented to electronic service of Court documents. (ECF 3.)

---

[1] The proper defendant for a federal employee's Title VII claims is the "head of the department, agency, or unit." 42 U.S.C. § 2000e-16(c). Plaintiff must amend his complaint to name Dr. Steven Dillingham, Director of the United States Census Bureau, as the sole defendant.

The Court dismisses Plaintiff's NYSHRL and NYCHRL claims, as well his Title VII claims against Zimmerman. *See* 28 U.S.C., § 1915(e)(2)(B)(ii). The Court also directs the Clerk of Court to terminate Zimmerman from this action.

The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-8796 (CM). An Amended Complaint for Employment Discrimination form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss this action for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court further directs the Clerk of Court to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:   December 23, 2019
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge