UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OLUSEYI ADENIJI,

                Plaintiff,

-against-

U.S. DEPARTMENT OF COMMERCE
CENSUS BUREAU NY REGIONAL OFFICE,

                Defendant.

1:19-CV-8796 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

By order dated December 23, 2019, the Court granted Plaintiff, an employee of the United States Census Bureau, who appears *pro se* and is proceeding *in forma pauperis*, leave to file an amended complaint. On January 3, 2020, he filed an amended complaint asserting claims of employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981, and the New York State and City Human Rights Laws ("NYSHRL" & "NYCHRL"). He seeks damages. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The United States Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 678-79.

## BACKGROUND

In its December 23, 2019 order, the Court dismissed Plaintiff's claims under the NYSHRL and the NYCHRL because Title VII is the exclusive remedy by which a federal employee can assert claims of race discrimination and retaliation arising from his or her federal employment. (ECF 7, at 3.) The Court also dismissed Plaintiff's Title VII claims against an individual defendant because Title VII does not provide for individual liability. (*Id.*)

The Court granted Plaintiff leave to amend his complaint to allege sufficient facts to state a claim of employment discrimination or retaliation under Title VII. (*Id.* at 3-4.) The Court also directed Plaintiff to name Dr. Steven Dillingham, the Director of the United States Census

2

Bureau, as the sole defendant in his amended complaint. (*Id.* at 5, n.1.) This is because the proper defendant for a federal employee's Title VII claim is the head of the department, agency, or unit where that employee works. (*Id.* (citing 42 U.S.C. § 2000e-16(c))).

In his amended complaint, however, Plaintiff does not name Dr. Dillingham (or any other Census Bureau official) as the defendant; he names "U.S. Department of Commerce Census Bureau NY Regional Office." He checks the boxes on his amended complaint to show that he is asserting claims under Title VII, 42 U.S.C. § 1981, the NYSHRL, and the NYCHRL. And he asserts that Census Bureau officials have discriminated against him because of his race (Black), religion (unspecified), sex, and national origin (African-American). He seeks a total of $700,000 in damages.

## DISCUSSION

**A.     42 U.S.C. § 1981, the NYSHRL, and the NYCHRL**

The Court must dismiss Plaintiff's claims of discrimination under 42 U.S.C. § 1981, the NYSHRL, and the NYCHRL because these claims arise from Plaintiff's federal employment.

Title VII prohibits an employer from discriminating against an employee because of the employee's race, color, religion, sex, or national origin. *See* 42 U.S.C. §2000e-2(a). Section 1981 prohibits discrimination "on account of [a person's] race, ancestry, or ethnic characteristics." *Zemsky v. City of New York*, 821 F.2d 148, 150 (2d Cir. 1987). But Title VII is the exclusive remedy by which a federal employee can pursue a claim of employment discrimination that is based on the employee's race, color, religion, sex, or national origin. *Brown v. GSA*, 425 U.S. 820, 828-29, 35 (1976) (Because Title VII is the exclusive remedy for a federal employee to challenge employment discrimination that is based on the employee's race, color, religion, sex, or national origin, other relief, including § 1981 relief, is unavailable to a federal employee); *Garvin v. Potter*, 367 F. Supp. 2d 548, 559-60 (S.D.N.Y. 2005) (a federal employee cannot

3

challenge employment discrimination that is based on the characteristics protected in Title VII under the NYSHRL or the NYCHRL because, under *Brown*, Title VII is the exclusive remedy for a federal employee to challenge such discrimination).

Plaintiff, a Census Bureau employee, alleges that officials from that agency have discriminated against him in his employment because of his race, religion, sex, and national origin. But as Title VII is the exclusive remedy for such employment discrimination against a federal employee, relief is unavailable to Plaintiff under any other law. Accordingly, the Court dismisses Plaintiff's claims under § 1981, the NYSHRL, and the NYCHRL for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Title VII**

In its December 23, 2019 order, the Court set out the pleading standards for claims of employment discrimination and retaliation under Title VII. (ECF 7, at 3-4.) The Court granted Plaintiff leave to amend his complaint to allege sufficient facts to state a claim under those standards. (*Id.*)

In his amended complaint, Plaintiff checks the boxes on the form to allege that Census Bureau officials did not hire him and did not promote him because of his race, religion, sex, and national origin. But he alleges no facts that suggest that Census Bureau officials took adverse action against him on any of those grounds. Indeed, the only sentence he writes in his amended complaint's statement of claim is the following: "I have removed the other defendant from litigation ordered by the Court." (ECF 8, at 5.) Accordingly, the Court dismisses Plaintiff's Title VII claims for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

## CONCLUSION

The Clerk of Court is directed to note service on the docket. Plaintiff has consented to electronic service of Court documents. (ECF 3.)

The Court dismisses this action for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: February 21, 2020
       New York, New York

                                                COLLEEN McMAHON
                                          Chief United States District Judge