UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OLUSEYI ADENIJI,

                Plaintiff,

-against-                               1:19-CV-8796 (CM)

U.S. DEPARTMENT OF COMMERCE            ORDER
CENSUS BUREAU NY REGIONAL OFFICE,

                Defendant.

COLLEEN McMAHON, United States District Judge:

      By order and judgment dated February 21, 2020, the Court dismissed this *pro se* action, in which Plaintiff proceeded *in forma pauperis*, for failure to state a claim on which relief may be granted. On April 20, 2020, Plaintiff filed a notice of appeal. And on June 22, 2020, he paid $505 in fees to appeal.[1] In an order dated December 14, 2020, however, the United States Court of Appeals for the Second Circuit dismissed Plaintiff's appeal, effective January 25, 2021, because of his failure to file certain documents in that court. *Adeniji v. United States Dep't of Commerce – Census Bureau – N.Y. Reg'l Office*, No. 20-1320 (2d Cir. Dec. 14, 2020).

      On October 16, 2021, Plaintiff filed a motion in this court in which he appears to request a refund of the $505 in fees he paid to appeal the dismissal of this action. (ECF 14.) The Court denies that motion. *See Bell v. Clark*, 194 F.3d 781, 782 (7th Cir. 1999) ("There is no refund of a filing fee just because an appellant, petitioner, or other seeker of judicial review is dissatisfied with the outcome of his quest, whether that outcome is defeat on the merits or a refusal, for jurisdictional or other reasons, even to consider the merits."); *Lucien v. DeTella*, 141 F.3d 773,

---

[1] The Court notes that four days later, on June 26, 2020, Plaintiff paid another $505 in fees to appeal in *Adeniji v. The Harman Firm*, 1:19-CV-8032 (VSB), which is pending before Judge Vernon S. Broderick of this court.

775 (7th Cir. 1998) ("Filing fees are part of the costs of litigation."); *see also Celestin v. U.S. Dep't of State Bureau of Consular Affairs*, No. 20-CV-0947, 2020 WL 6901081, *2 (E.D.N.Y. Nov. 23, 2020) ("[T]he law does not permit a judge to refund a filing fee. Once the filing fee has been collected, it cannot be waived or refunded, regardless of the outcome of the action."); *Ball v. Goldfar*, No. 9:19-CV-0908, 2020 WL 474448, *2 n.2 (N.D.N.Y. Jan. 28, 2020) ("The law is well-settled that once payment of the filing fee has been collected, it cannot be waived or refunded, regardless of the outcome of the action."); *cf. Goins v. Decaro*, 241 F.3d 260, 262 (2d Cir. 2001) ("fee-paying litigants have no opportunity to obtain a refund of their filing fees in the event that they withdraw their appeals").

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Plaintiff has consented to electronic service of court documents. (ECF 3.)

SO ORDERED.

Dated: October 26, 2021
         New York, New York

                                      COLLEEN McMAHON
                                   United States District Judge